IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

REGINALD N. JOHNSON, II,              )
                                      )
      Plaintiff,                      )
                                      )
v.                                    )     Case No. 1:09-cv-01022-WMA-JEO
                                      )
LT. PRESTON,                          )
                                      )
      Defendant.                      )

**MEMORANDUM OF OPINION**

      The plaintiff is a prisoner in the custody of the United States Bureau of Prisons and is housed at the Federal Correctional Institution at Talladega, Alabama. He seeks an "Emergency Injunction" alleging that he is exposed to "raw untreated sewage" 24 hours per day. (Doc. 2). According to the plaintiff, he is housed in a cellblock wherein the toilets have been disabled and cannot be flushed by the inmates, but can only be flushed by staff members. (Doc. 1). He states that because staff members are busy with other tasks, toilets go un-flushed "for a minimum of thirty minutes and an average time of about [forty] minutes to [one] hour." *Id*. at 2. He contends that this creates a health hazard because insects which come in contact with the sewage then move on to contaminate "hygiene items, bedding, dining surfaces and eating and drinking utensils." *Id*. at 2. The plaintiff not only alleges that these conditions have the potential to adversely affect his health, but he contends that black and Hispanic prisoners are "improperly targeted for subjection to these conditions." *Id*. at 3.

He now seeks an order "enjoining the defendants from exposing him to raw[,] untreated sewage." (Doc. 2).

Because the plaintiff is a prisoner, his claims are subject to the Prison Litigation Reform Act of 1995 ("PLRA"), which establishes new restrictions on the ability of prisoners to file civil rights actions in federal court. In particular, the plaintiff's claims are subject to 42 U.S.C. § 1997e(a), which, as amended by the PLRA, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

The administrative remedies available to the plaintiff as a federal inmate are set forth in 28 C.F.R. Part 542; which include an informal complaint to the institutional staff, followed by a formal written Administrative Remedy Request on the "BP-9" form and an appeal to the Regional Director using the "BP-10" form. 28 C.F.R. § 542.15(a). A further appeal to the General Counsel may also be made using the "BP-11" form. *Id*. In this case, the plaintiff impliedly admits that he has failed to utilize the administrative grievance process by stating that the "[e]xhaustion of administrative remedies cannot be accomplished timely enough to avoid irreparable harm." (Doc. 1 at p. 1). Despite his contention, the plaintiff's statement is not sufficient to preclude dismissal of this action for failure to exhaust his administrative remedy options.

Our courts have made it clear that where administrative remedies are available to a prisoner, he must exhaust those remedies as a pre-condition to filing suit. 42 U.S.C. § 1997e(a); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998). Additionally, this court does

not have the discretion to waive the exhaustion requirements, as the plaintiff would have us do. In *Alexander*, the Eleventh Circuit stated:

> "Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement. The Supreme Court has made clear that '[w]here Congress specifically mandates, exhaustion is required' ... Mandatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply."

*Alexander*, Id. at 1325-1326. (*Quoting, McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081, 1086, 117 L.Ed.2d 291 (1992)).

The Supreme Court has recently held that failure to exhaust administrative remedies is an affirmative defense under the PLRA and inmates are not required to specifically plead exhaustion in their complaints.[1] However, in this instance, the plaintiff admits on the face of the complaint that he failed to utilize the grievance procedure available to him as a federal prisoner. Where, as here, the allegations in a complaint show, on their face, that an affirmative defense bars recovery, the complaint is subject to dismissal for failure to state a claim. *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990) and *Marsh v. Butler County, Ala.*, 268 F.3d 1014 (11th Cir. 2001). Because the plaintiff has failed to exhaust the administrative remedies available to him with regard to his conditions of confinement claim, the court is compelled to dismiss the complaint without prejudice. This is true even though the plaintiff asserts that the grievance process would be fruitless or inadequate. A prisoner must exhaust all available administrative remedies regardless of their alleged futility, and this court has no authority to waive the mandatory

---

[1] *Jones v. Bock*, 127 S.Ct. 910 (2007).

exhaustion requirements of the PLRA. *Simpson v. Holder*, 200 Fed. Appx. 836 (11th Cir. Aug. 23, 2006); *Alexander*, supra.  As such, the plaintiff's complaint is due to be dismissed without prejudice.

An Order consistent with this opinion will be entered contemporaneously herewith.

Done this 28th day of May, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE